EPHRAIM C. LEWIS, Appellant, v. 11 WEST 42ND STREET, INC., Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

JOHN D. McCLESTER and Another, Respondents, v. F-I-F PLAN CORPORATION and Others, Appellants, and Others, Defendants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

LILLIE TOBIASSEN, Plaintiff, Respondent, v. BISHOP, McCORMICK & BISHOP, Defendant, Respondent; ANNA ELIZABETH INGRAHAM, Defendant, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

J. HICKS EDWARDS, Appellant, v. W. A. RUTHERFORD CORPORATION, a Domestic Corporation, Respondent.— Action to recover commissions for the alleged sale of a parcel of real estate. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of FORT GREENE NATIONAL BANK IN NEW YORK, Respondent, v. EDMUND W. FISHER, Appellant.— Order granting plaintiff's motion for summary judgment under rule 113, Rules of Civil Practice, and judgment entered thereon, reversed on the law and the facts, with ten dollars costs and disbursements, and motion remitted to the Special Term for determination after affording an opportunity to the defendant to answer the affidavit of September 15, 1938. Order granting defendant's motion for reargument and on reargument denying defendant certain relief reversed on the law and the facts, without costs, and the matter remitted to Special Term. The defendant was entitled to an opportunity to interpose an affidavit in response to the plaintiff's affidavit of September 15, 1938, and to have his answering affidavit considered by the court before a decision of the plaintiff's motion for summary judgment was had. It may well be that defendant's answer to that affidavit could have been submitted to the court on the motion for reargument, but it may not be said as a matter of law that an adequate opportunity was afforded for that action. On that motion the Special Term should have withheld determination and should have given the defendant a reasonable opportunity to submit an answering affidavit before deciding the motion for reargument. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.